# United States District Court

## DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

      v.

HECTOR SOTO,

Criminal Complaint 06- *151 M*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __December 10, 2006__ , in __New Castle__ County, in the District of __Delaware,__ the defendant, HECTOR SOTO:

> was found in the United States, having illegally re-entered the United States after being removed to the Dominican Republic on or about April 20, 2005, and, prior to his reembarkation at a place outside of the United States, neither the Attorney General of the United States nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had expressly consented to the defendant's applying for readmission,

in violation of Title _____8_____ United States Code, Section(s) __1326(a)__ .

I further state that I am a __Special Agent, ICE__ and that this complaint is based on the following facts:
                              Official Title

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

```
F I L E D

DEC 1 2 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

Signature of Complainant
Michael J. Deshaies
Special Agent
Immigration and Customs Enforcement (ICE)

Sworn to before me and subscribed in my presence,

__December 12, 2006__      at __Wilmington, DE__
Date                         City and State

The Honorable Mary Pat Thynge
__United States Magistrate Judge__
Name & Title of Judicial Officer       Signature of Judicial Officer

## AFFIDAVIT

I, Michael J. Deshaies, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Bureau of Immigration & Customs Enforcement (ICE), Dover, Delaware.  I have been employed as a Special Agent since October 1, 1997, when the Immigration and Naturalization Service (INS) employed me.  The INS was transferred to the U.S. Department of Homeland Security as the Bureau of Immigration & Customs Enforcement in March 2003.

2. This investigation is based upon information provided by INS/ICE records, the National Crime Information Center (NCIC), FBI records, and my own observations and interviews.

3. On or about December 10, 2006, the ICE/RAC Wilmington office received notification from the Delaware State Police (DSP) advising that an officer made a traffic stop of a van with ten occupants who could speak little or no English on I-95 near Wilmington, Delaware.  The DSP requested assistance from ICE.  As the duty officer, your affiant responded via telephone to the DSP officer on the scene.  Upon conversing with the driver and several passengers, your affiant determined that the passengers were illegal aliens en route to New Jersey and New York City from Houston, Texas.

4. Detention and Removal officers from ICE/RAC Wilmington office responded to DSP Troop 6 in Wilmington, Delaware and transported the ten occupants of the van to the Dover, Delaware ICE office for processing and further interviewing.  Your affiant interviewed the driver of the van and determined that he was a legal permanent resident alien from Mexico.  Your affiant also interviewed the nine passengers in the van and determined that they were illegal aliens from El Salvador, Honduras, and the Dominican Republic.

5. Hector SOTO was one of the van passengers your affiant interviewed on December 10, 2006, at the ICE office in Dover, Delaware.  Once advised in Spanish of his rights pursuant to *Miranda v. Arizona*, Hector SOTO signed a written waiver of his rights and agreed to speak with your affiant.  Hector SOTO stated that his true and correct name is Hector SOTO and that he was born on a particular date in 1969 in the Dominican Republic.  Hector SOTO further stated that he last entered the United States illegally without inspection by an immigration officer on or about November 17, 2006, near Nogales, Arizona.

6. Your affiant has reviewed INS/ICE alien database records, which indicate that Hector SOTO, born on a particular date in 1969 in the Dominican Republic, was removed from the United States to the Dominican Republic on April 20, 2005.  Your affiant found no evidence of any filings by Hector SOTO for permission to reapply for admission to reenter the United States after having been removed.

7. Your affiant queried Hector SOTO's fingerprints in an automated system.  The results of that query showed that Hector SOTO was deported on the occasion cited above.  The FBI database found that the fingerprints submitted matched FBI #574870WA2 with the name on record of Rafael MARTINEZ a/k/a Hector SOTO.

8. Your affiant took a sworn statement from Hector SOTO on December 10, 2006, wherein Hector SOTO admitted that he was previously removed from the United States in April of 2005. Hector SOTO also stated that he last entered into the United States illegally on or about November 17, 2006, without inspection or parole by an immigration officer and without permission from any authorized government official

WHEREFORE, your affiant avers that there is probable cause to believe that Hector SOTO, a citizen and national of the Dominican Republic, was removed by the INS to the Dominican Republic on April 20, 2005, and, prior to his reembarkation at a place outside the United States, neither the Undersecretary for Border and Transportation Security, Department of Homeland Security nor the Attorney General of the United States had expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, 1326(a).

Michael J. Deshaies
Special Agent
U.S. Immigration & Customs Enforcement

Subscribed and sworn to before me this _____ day of December 2006.

The Honorable Mary Pat Thynge
United States Magistrate Judge